Commissioners of Pilots v. Spofford.

---

### COMMISSIONERS OF PILOTS V. SPOFFORD.

*Costs — parties entitled to extra allowance — Waiver — Appealable order.*

Plaintiff brought action to recover ninety-six penalties for violations of the pilot laws. Defendants offered judgment for one penalty and costs; forty-six penalties were recovered, but upon appeal to the Court of Appeals, the judgment was reversed as to forty-five penalties, and affirmed as to one. Defendants taxed their bill of costs in 1871. No application was then made for an extra allowance. An appeal was taken from the taxation and in the Court of Appeals the taxation was sustained. Pending this appeal the judgment was settled. Afterward, and in 1874, a motion was made by defendant for an extra allowance. *Held*, that there was a recovery by defendants within Code §§ 308, 309, relating to allowance, and defendants might be entitled to an extra allowance and were not limited to the costs of course; but that having neglected to apply for costs until 1874, and a settlement having been made in the meantime, the claim for extra costs should be deemed to have been waived.

Orders relating to extra costs are appealable, and it is the duty of the court to review them on the merits.

APPEAL by plaintiff from an order at special term granting additional allowance of costs to defendants. The action was brought

by the board of commissioners of pilots against Paul N. Spofford and others, executors, etc., to recover penalties. The facts fully appear in the opinion.

*Butler, Stillman & Hubbard,* for appellants.

*William G. Cooke,* for respondents.

DAVIS, P. J. This action was brought by the plaintiffs to recover ninety-six penalties of $100 each, for alleged violations of the pilot laws, in the employment of unlicensed pilots. The defendants offered judgment under section 385 of the Code, for $100, being the amount of one penalty, with costs. The offer was not accepted.

The affidavit of Mr. Butler shows that on the trial the respective counsel arranged that if it was held that plaintiffs were entitled to recover at all, the recovery should be restricted to the violations of the law that defendants should from their books state to have occurred, and accordingly the defendants furnished a statement showing the number of violations to have been forty-six, which was accepted, and the court ruling the other questions of the case favorably to plaintiffs, a recovery was had for $4,600.

On appeal from the judgment entered on the recovery, the general term affirmed the same, from which affirmance an appeal was taken to the Court of Appeals, where the judgment was affirmed as to one penalty, and reversed as to the residue, without costs to either party. *Sturgis* v. *Spofford*, 45 N. Y. 446. After a corrected remittitur had been sent down from the Court of Appeals, the defendants presented their bill of costs which were taxed on the 14th of September, 1871, at $360.97.

The plaintiff objected to the taxation of the costs on the appeal to the general term. The objection was sustained by the general term, but on appeal to the Court of Appeals, it was held that defendants were entitled to those costs, and the taxation of them was affirmed.

Afterward, and in June, 1874, a new bill of costs was presented, and the motion for an additional allowance was made. Mr. Butler's affidavit further states that "no application was made at the time of adjusting said costs, or before or afterward for an allowance until now nearly three years after the adjustment of said costs; that in the meantime a settlement has been made with the defendants, by which the judgment for the single penalty was satisfied of

record, which settlement deponent made and would not have made if he had supposed that any question was left open, except a claim of defendants for the costs of the general term."

These statements are not controverted. It appears that the questions involved in the action were the constitutionality of the pilot laws, and the effect upon them of certain legislation of congress, and it is manifest that these questions affected every one of the penalties alike.

It is shown, also, that two several actions had before been commenced against the defendants to recover for separate penalties for violation of the same statute in which recoveries were had and paid, and that this suit was brought afterward for persistent violations of the same law. It is a mistake to suppose, that by the offer made, the contest over any one of the penalties was removed from the controversy, or to state the point as it is stated by counsel, that "one hundred dollars was removed from the controversy." On the contrary, the omission of plaintiffs to take judgment upon the offer in the manner prescribed by the 385th section of the Code, left the litigation precisely as though no offer had been made, the only effect of the offer thereafter being upon the question of costs, when the litigation should terminate.

The plaintiff was as much bound to establish his right to recover the sum of $100, or one penalty, as though the action had proceeded without an offer, and the defendant was as much at liberty to contest that right as the right to recover any of the penalties beyond that sum. The plaintiffs were therefore successful on the real and very important questions involved, and they were successful, also, in showing that defendants, by the confession of their own books, had actually been guilty of forty-six distinct violations of the statute, and (as now appears by affidavits before us) after two prior warnings by suits and recoveries.

It is not difficult, therefore, to see that the advantage as to costs has been gained by the defendants, by the tactics of practice, and not by the merits of any defense. The application of a peculiarly technical rule, doubtless intended to punish with severity the violators of these statutes by subjecting them to a great multiplicity of suits and consequent costs, saves the defendants herein from the penalties for forty-five acknowledged violations of the law, and entitles them to costs of the litigation. The points made by the appellants are:

First. That there has been no *recovery* by defendants within the meaning of the provisions of the Code, relative to allowances.

We think this point is not well taken. A result of a litigation which entitles a defendant to costs is a recovery of judgment for such costs, and may, under proper circumstances, be the basis for the allowance under sections 308, 309. *Brady* v. *Durbrow,* 2 E. D. Smith, 78. There must be a recovery to satisfy the exigency of the statutes; but where both parties recover, and the same judgment adjudges damages to one and costs to the other, there is no difficulty, we think, in holding that the recovery of costs by the defendant satisfies the language of the provisions referred to.

The second objection is that *"the defendant's costs"* which are given by section 385 on plaintiff's failure to obtain a more favorable judgment, are restricted to those given by section 303 of the Code, and that the allowance which may be given by the court in its discretion under section 308 is not costs, but something in addition to costs, or in other words, that section 385 means and deals only with *costs of course.*

But we think that the defendant's costs in such a case, are not only what the statute awards, of course, and with which the court has nothing to do, but also whatever the court is empowered by statute to award, and that after the court, pursuant to its statutory discretion, awards additional costs to the party, the language of section 385 embraces them as well as costs of course.

The next objection is, that defendants having taxed their costs in 1871 without applying for an allowance, and a settlement having been made upon the basis thus arrived at, are estopped from now claiming an extra allowance. There are not sufficient facts shown to create an estoppel, but we think that the long delay in making the motion, and the fact that the parties have acted on the assumption that the costs taxed in 1871 were the extent of defendants' claim, ought to be held a waiver of the right to move for any more allowance.

Besides, it is our opinion that, upon the papers presented, the court below should have made no allowance upon the merits of the application.

This class of orders is appealable, and it is the duty of this court to review them upon the merits.

The order should be reversed, but without costs of the appeal.

*Order reversed.*